UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PATRICK HALL** **LA. DOC #534084** **VS.** | **CIVIL ACTION NO. 09-1476** **SECTION P** **CHIEF JUDGE JAMES** |
| **MOREHOUSE PARISH DETENTION CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Pro se plaintiff Patrick Hall, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 17, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana and complains that he has been erroneously accused of being homosexual and discriminated against for that reason. Plaintiff sued the MPDC and Corrections Officers Johnson, George, Harris, Simmons, Hawkins, Brooks, Bradshaw, Ricks, Black, Moore, Robinson, Clacks, Smith, Fife, Brown, Tappin and Morehouse Parish Sheriff Tubbs. He prayed for unspecified injunctive and declaratory relief, and compensatory damages for "pain and emotional distress, mental anguish, and mental abuse in the amount of $270,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivlous.

*Background*

Sometime prior to December 21, 2008, plaintiff, an LDOC inmate, was incarcerated at

the MPDC. On that date Sgt. Robinson entered the living quarters where plaintiff was housed, accused plaintiff of being a homosexual, and ordered him to move to the first bed so that prison guards could keep him under observation.

Thereafter each of the shift sergeants was advised of plaintiff's sexual orientation and directed to maintain surveillance on him.

On January 28, 2009, plaintiff submitted an administrative remedies procedure grievance complaining that he was the victim of discrimination. He spoke to Asst. Warden Isaac Brown who advised him that he had the right to sleep where ever he wanted to in the dormitory. However, whenever Brown was off duty, plaintiff was directed to sleep in the front of the dorm and forbidden to go to the rear section of the room.

On March 17, 2009, plaintiff submitted a second grievance denying that he was a homosexual. Nevertheless, he "... was still classified as a homosexual."

Thereafter, Asst. Warden Brown convened a staff meeting; when it was concluded he assured plaintiff that the issue was resolved. Plaintiff asked Brown to assist him in being placed in the work-release program. Plaintiff was directed to submit an application and within 4 weeks he was approved for the program. Plaintiff then relocated to a trusty dorm where he located a bed in the middle of the room. Shortly thereafter Sgt. Clacks advised plaintiff to move to the front of the dorm.

Plaintiff complains that the defendants discriminate against homosexuals and that corrections staff monitor inmate activity 24 hours a day either directly or via video surveillance.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

3

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. He need not be permitted further amendment because his claims – taken as true for the purposes of this report – are manifestly frivolous.

### 2. Due Process, Equal Protection, Cruel and Unusual Punishment

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108

S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1] Plaintiff has not demonstrated the violation of a right guaranteed by the Constitution or laws of the United States.

### a. Due Process

To the extent that plaintiff contends that his bunk placement deprived him of liberty in violation of the due process clause of the Fourteenth Amendment, such contention is clearly frivolous. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The interests protected by the Due Process Clause "... are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Plaintiff's bunk assignment does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2299. Therefore, plaintiff's claim simply does not implicate due process concerns and is subject to dismissal as frivolous.

### b. Discrimination

Plaintiff implies that the defendants discriminated against him because of his perceived sexual orientation. Such claims arise, if at all, under the Equal Protection Clause of the Fourteenth Amendment.

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

Classifications which involve neither fundamental rights nor proceed along suspect lines are accorded a strong presumption of validity and cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. *Heller v. Doe*, 509 U.S. 312, 319-20 (1993).

Equal protection challenges raised by prisoners must be scrutinized in such a way as to ensure that prison officials are afforded the necessary latitude and discretion to operate their facilities in a safe and secure manner. Thus, even arguably disparate treatment which is nonetheless reasonably related to legitimate penological interests may survive in the face of a Fourteenth Amendment Equal Protection challenge. *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir.2002).  This is so because federal courts cannot disregard the special difficulties that arise in the prison context and must accord great deference to the decisions of prison administrators who are charged with making difficult judgments concerning prison operations.  In short, prisoners do not retain constitutional rights that are inconsistent with the legitimate penological objectives of the correction system. *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir.1990).

Plaintiff complains that he is forced to occupy a bed in the front of the dormitory to which he is assigned.  As shown herein, his  complaint simply fails to implicate a fundamental right, since a prisoner has no constitutional right to choose the location of his confinement. Compare *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir.2000); see also *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Since a prisoner has no liberty interest in being housed in any particular facility [see *Olim v. Wakinekona*, 461 U.S. 238, 244-45, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996)] he clearly has no such right to the assignment of sleeping quarters within the facility.  In short, prison bed assignments

implicate no fundamental rights.

Second, notwithstanding plaintiff's assertion to the contrary, this case does not involve a suspect class. "Neither the United States Supreme Court nor [the United States Fifth Circuit Court of Appeals] has recognized sexual orientation as a suspect classification or homosexuals as a protected group..." *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir.2004).

Finally, there can be no doubt but that the decisions which triggered this complaint, are at least arguably reasonably related to advancing the legitimate penological interests of preservation of order and prevention of violence in prison. Plaintiff's placement is conceivably related to the obligation corrections officials have to protect homosexual prisoners from abuse at the hands of their fellow inmates. *Johnson v. Johnson*, 385 F.3d at 532-533.

In short, plaintiff's equal protection claim is likewise frivolous.

### c. Cruel and Unusual Punishment

Further, to the extent that plaintiff maintains that his bunk assignment implicates the Eighth Amendment's prohibition of cruel and unusual punishment, his claim fares no better. "The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995). Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and they must take reasonable measures to guarantee the safety of the inmates in their custody. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

As previously noted, plaintiff has not identified, nor has research revealed, a constitutionally protected right to sleep in a particular bed.

### 3. Title 42 U.S.C. §1997e

Finally, as shown above, plaintiff seeks compensatory damages for "...pain and emotional distress, mental anguish and mental abuse in the amount of $270,000..." Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Plaintiff has alleged no physical injury and the undersigned can imagine no such injury resulting from the facts thus far alleged. Since plaintiff has alleged no physical injury resulting from the actions of the defendant, his claim for monetary damages as compensation for mental anguish is legally without merit and subject to dismissal as frivolous.[2]

### 4. Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in

---

[2] Further, while the physical injury requirement of §1997e does not bar injunctive or declaratory relief [*Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999)], in this case, plaintiff's prayer for such relief is too amorphous and non-specific.

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 9, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE